# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00107-CV

**City of Austin d/b/a Austin Energy, Appellant**

**v.**

**Maria Del Rosario Membreno Lopez as Next Friend of
Jaime Antonio Membreno Lopez, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-15-004371, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order by the district court of Travis County denying a plea to the jurisdiction in a wrongful death case. Appellant is the City of Austin (the City), and appellee is Maria Del Rosario Membreno Lopez (Maria), as next friend for her minor son. This Court will affirm the order.

Jaime Membreno died in 2009 when he came in contact with one of the City's overhead power lines while working on a construction job in Austin. Membreno was twenty-six years old and a citizen of El Salvador. Jaime was never married to Maria. She asserts that after his death she gave birth to Jaime's son in El Salvador where she lived.

In 2015, Maria filed a wrongful death and survival action against (1) the contractor who employed Jaime, (2) the owner of the building under construction, and (3) the building's property manager, asserting negligence, negligence per se, gross negligence and "premises liability." Later,

she amended her petition to add an electrical-utility contractor and the City as defendants. She claimed that the City "failed to use reasonable care to safely operate and maintain the electric-distribution system and its overhead distribution lines and poles in particular." The City filed a plea to the jurisdiction challenging the minor child's standing to maintain suit pursuant to the Wrongful Death Statute. *See* Tex. Civ. Prac. & Rem. Code § 71.004.

When a plea to the jurisdiction challenges the pleadings, the court must determine whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If a plea to the jurisdiction challenges the existence of jurisdictional facts, the court considers relevant evidence submitted by the parties. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

The City's primary argument challenges the existence of jurisdictional facts. In the trial court and in this Court, the City has taken the position that to have standing to sue under the Wrongful Death Act, an illegitimate child must comply with the requirements of Texas Family Code section 160.201(b), thereby establishing a father-child relationship.[1] The City asserts correctly that the Family Code requirements to establish the father-child relationship have not been met here. But nearly thirty years ago, the Supreme Court held contrary to the City's argument. *See Garza v.*

---

[1] The father-child relationship is established by (1) an unrebutted presumption of the man's paternity, (2) an acknowledgement of paternity, (3) an adjudication of paternity, (4) adoption of the child, or (5) the man's consent to assisted reproduction by his wife, which results in the child's birth. Tex. Fam. Code § 160.201(b).

2

*Maverick Mkt., Inc.*, 768 S.W.2d 273, 275 (Tex. 1989) ("[I]t is inappropriate to incorporate the requirements of legitimation under the Family Code into the Wrongful Death Act.").

The City also claims that there is no proof that the minor child is the decedent's biological son. Maria submitted the following jurisdictional evidence: two deposition excerpts, two affidavits, and two DNA tests. A summary of that proof follows.

Maria swore that the decedent was the father of the child. In May and June 2008, she was living with the decedent in his house in El Salvador. Decedent's mother and brother also lived there. The child was conceived in May or June of 2008. She did not engage in sexual relations with anyone else except the decedent from January 2008 to March of 2009. She gave birth to the child on March 2, 2009. The child resembles the decedent. Maria has always told the child that the decedent was his father. She named the child after the decedent. She also produced a medical record in which the decedent was named as the father of the child. The DNA tests tend to show that the child and the decedent's brother have a 99.8% chance that they are nephew and uncle. The brother swore that he had never engaged in sexual relations with Maria. We are of the view that Maria marshaled proof from which the fact finder could conclude that the clear and convincing evidence showed that her child was the son of the decedent. *See id.* at 276.

The City also seeks review of Maria's capacity to assert a personal-injury action pursuant to the Survival Act.[2] The City included the lack-of-capacity complaint in the plea to the jurisdiction. Lack of capacity to sue, unlike standing, is not a jurisdictional defect. *In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d 565, 573 (Tex. 2015). A challenge to a party's capacity

---

[2] A personal-injury suit survives in "favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code § 71.021(b).

must be raised by a verified pleading in the trial court. Tex. R. Civ. P. 93(1)–(2); *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).[3]

Finally, the City asserts that, "Texas law does not provide a jury trial to establish paternity." The City argues that the trial court, as finder of fact, should conduct a hearing before trial to determine the child's paternity. Maria contends, to the contrary, that at trial on the merits proof of paternity along with proof on the merits should be received and submitted to the jury for determination. We doubt that this procedural question is a proper subject for determination in an appeal from the denial of a plea to the jurisdiction. *See State v. Lueck*, 290 S.W.3d 876, 881 (Tex. 2009). Moreover, the City did not raise the issue in the plea.

The order denying the plea to the jurisdiction is affirmed.

_____
Bob E. Shannon, Justice

Before Justices Goodwin, Field, and Shannon*

Affirmed

Filed: July 3, 2018

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

---

[3] The City filed an unverified "motion to abate" before it filed the plea to the jurisdiction. The City did not raise capacity in that motion; instead, it claimed lack of standing. The motion to abate was denied.